JOHN L. OWENS, Respondent, *v.* GEO. W. RECTOR, Appellant.

1. *Practice, Civil—Instructions—Jury—Evidence.*—Where there is testimony in support of the answer in a suit, defendant has a right to the opinion of the jury upon the issue raised by it unless the answer fails to make out a case that entitles him to relief. An instruction, in such state of proof, taking the case from the jury, where the answer is sufficient, is improper.
2. *Contract — Sale — Equity —Failure of consideration — Fraudulent conceal-ment — Repudiation — Defenses to action by vendor for purchase money.*—In general, when the title of a grantor in a deed fails, and the defense in a suit for the purchase money is that the purchaser gets nothing by his deed; or in a sale of parcels of land in gross, where the title to a portion fails, and the purchaser seeks to avoid the payment of a part of the purchase money—in either case the purchaser may rescind the contract by conveying or offering to convey back all the title he has received; in which case he may recover what has been paid, and refuse to pay what is unpaid. If he chooses to affirm the contract, he can recover but nominal damages for the breach of the covenant of seizin, unless actually evicted; the reason being that he has suffered as yet no actual damage, and that his possession may ripen into title. But in case of fraudulent concealment or misrepresentation as to some specific material fact affecting the value of the property sold—the purchaser trusting to these representations of the seller—he is not bound, upon discovery of the fraud, to repudiate the contract and give back the possession. He may do so, or he

may stand by his purchase, and sue for damages; or if the purchase money is not paid, he may reduce it by the amount of the damages to which he is entitled.

8. *Practice, Civil — Action for deceit — Intention — Instructions — Jury.* — In general, if a purchaser would hold on to the property purchased, and look to his vendor for damages for deceit, there being no warranty, he must, if sued for the purchase money, satisfy the jury that the deception was intentional. But the question of deception is one for the jury, and not the court, to decide. If there was evidence tending to show that the situation of the property was misrepresented, and that the defendant, in his purchase, acted upon those misrepresentations, and not upon his own judgment, the question of knowledge and intention on the part of the seller becomes a material one, and must be left to the jury; and if the court took the case from the jury because in its opinion such knowledge was not proved, it committed an error

## *Appeal from Fifth District Court.*

*Woodson* and *Jones*, for appellant.

I. A grantee may set up as defense to a note given for the purchase of real estate, that the property sold to him, or part of it, was not the property of the grantor, though he (the grantee) may not have been evicted. ( 23 Mo. 151; 4 Mass. 627; 12 Mass. 304; 8 Pick. 547; Rawle on Covenants, 464.)

II. The answer sets up fraud, and sets out the representations made by the agent of the plaintiff, upon which he relied, and which proved to be false. This constitutes a defense. (12 Mo. 517; Rawle on Covenants, 485.)

III. False representations by the vendor, by which the vendee is induced to purchase, though honestly made, constitute fraud in law. (11 Mo. 655.)

IV. Fraud in fact is a question for the jury. (7 Mo. 245.)

V. If plaintiff's agent assumed to know the boundaries of the lots when in fact he did not know them, and the defendant, relying upon his representations, bought the property, and the representations proved to be false, it constitutes fraud. In such case the plaintiff is bound by the act of his agent. The purchaser may detain the purchase money, or have such other proper relief as he may claim in a court of law or equity. (Rawle on Covenants, 466–7, 471, 475–9.)

VI. The doctrine that representations by his agent must have been known to be false by the vendor does not apply in the sales of real estate. (29 Mo. 189.)

*Hall & Oliver*, and *Strong & Chandler*, for respondent.

The pleadings and evidence show that defendant and those claiming under him have peaceable possession of all defendant bought, and defendant does not offer to rescind the sale. "The purchase money and the land could not both be retained." (Ash v. Holder, 36 Mo. 167; Smith v. Busby, 15 Mo. 392; Wallace v. Boston, 10 Mo. 662–3; 5 Blackf. 430; 15 Ind. 176; 17 Ind. 98; Willets v. Burgess, 34 Ill. 500.; Rawle on Covenants, 505; 10 Mo. 466; 23 Mo. 163.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff brought suit, in the Buchanan Court of Common Pleas, upon a promissory note for $700 executed to him by defendant. Defendant pleads fraud, and alleges that the note was given for the deferred payment upon a purchase of certain lots in St. Joseph at the price of $3,100, the balance having been paid in cash at the time of the purchase; that the plaintiff, by his attorney for the sale, Jas. A. Owens, executed a warrantee deed for the lots by number, being lots 6 and 7, etc.; that, before making the sale, plaintiff's land agent and attorney went upon the premises with the defendant, and pointed them out to him— the same being inclosed with a fence, and containing a frame dwelling-house back about sixteen feet from the front of the lots as inclosed; and that, relying upon these representations of locality, the defendant purchased the lots without survey or further examination. Defendant further alleges that these representations were untrue, and known to be so by said Owens; that the said lots were only partially inclosed by the fence; that a portion of them are outside and below the ground fenced; that the street running in front of the lots will, when opened according to its true location, cut off some nine feet of the front of the house; and that the property is worth $2,000 less than it would

have been if located as represented by plaintiff's agent, which sum is the damages he has suffered, and for which he asks judgment.

The reply denies all the allegations of the answer except the consideration of the note. Upon the trial there was testimony tending to prove the defendant's allegations, and the jury allowed him some $800 damages as an offset. The verdict was set aside by the court; and upon the next trial the case was taken from the jury by a positive instruction to find for the plaintiff the amount of the note and interest.

Inasmuch as there was testimony in support of the answer, the defendant had a right to the opinion of the jury upon the issue raised by it unless the answer failed to make a case that entitled him to relief. The plaintiff claims that the pleading is defective in not showing dispossession or an offer to rescind the sale. For aught that appears by the answer—and so the evidence shows the fact to be—the defendant and those claiming under him are still in peaceable possession of the house and land inclosed by the fence, and no offer has been made to re-convey the premises.

This case is to be distinguished from cases where the title of the grantor fails, and the defense is that the purchaser gets nothing by his deed, and should not be compelled to pay the purchase money; or in a sale of parcels of land for a sum in gross, where the title to a portion fails, and the purchaser seeks to avoid the payment of a part of the purchase money. ⌐The general rule in those cases is that the purchaser may rescind the contract by conveying or offering to convey back all the title he has received, in which case he may recover what has been paid, and refuse to pay what is unpaid; or, if he chooses to affirm the contract, he can recover but nominal damages for the breach of the covenant of seizin, unless actually evicted; and the reason is given in Small v. Reeves (14 Ind. 164, approved in 17 Ind. 98), that he has suffered as yet no actual damage, and that his possession may ripen into title.

But in case of the fraudulent concealment of, or fraudulent misrepresentations as to some specific material fact affecting the value of the property sold—the purchaser trusting to the repre-

sentations of the seller—he is not bound, upon discovery of the fraud, to repudiate the contract and give back the possession. He may do so, or he may stand by his purchase and sue for damages; or if the purchase money is not paid, he may reduce it by the amount of the damages to which he is entitled.

He may rescind the contract, even though both parties were mistaken in relation to facts that induced the purchase. (McFerran v. Taylor, 3 Cranch, 281; Miles v. Stevens, 3 Barr, Penn. St., 21.) But, in general, if a party would hold on to the property purchased, and look to his vendor for damages for deceit, there being no warranty, he must satisfy the jury that the deception was intentional. The tort is the foundation of his claim—not the contract, nor the innocent mistake of both parties. But the question of deception—of knowledge—is one for the jury to decide, and not for the court. If there was evidence tending to show that the situation of the property was misrepresented, and that the defendant, in his purchase, acted upon those misrepresentations, and not upon his own judgment, the question of knowledge of intention on the part of the seller becomes a material one, and must be left to the jury; and if the court took the cause from the jury because in its opinion such knowledge was not proved, it committed an error. The reason for its action does not clearly appear in the record, but it seems to have been based upon the assumption of some fact in the province of the jury to decide.

The judgment is therefore reversed and the cause remanded. The other judges concur.