## J. S. CALDWELL, ET AL., *v.* WILLIAM RAINEY.

[Abstract Kentucky Law Reporter, Vol. 6—601.]

**Lien on Land for Sum Due on Rescission of Contract to Purchase.**

Where there is a rescission of a contract for the sale of land, when there is a mutual and unrestrained acquaintance, the difference ascertained to exist between the parties remains as between them, a lien on the land bought.

### APPEAL FROM MERCER CIRCUIT COURT.

February 12, 1885.

OPINION BY JUDGE HINES:

Appellee purchased of appellant, J. S. Caldwell, eighty acres of land, by designated boundary, to which appellant claimed title, and thirty-five acres, defined by metes and bounds, which he agreed to convey as soon as title and possession could be obtained. A conveyance was made by appellant to appellee containing a description of the two tracts, and containing also the agreement as to the thirty-five acres. Appellee took possession of both tracts under the purchase and continued in occupancy some five years, when, under a power of attorney from appellant to one True, the contract of purchase was rescinded, and a reconveyance made by appellee to appellant of all the lands covered by the conveyance to appellee. This contract of rescission left appellant indebted to appellee in the sum of $95.00. During the occupancy of the lands by appellee and pending the rescission a claimant to the thirty-five acres instituted suit against appellee to recover possession and rent for the thirty-five acres. After the adjustment between appellant and appellee the claimant to the thirty-five acres obtained judgment and coerced payment from appellee for three hundred dollars rent for that portion of the land during the occupancy by appellee under his purchase from appellant. This action was brought by appellee to recover of appellant the $95.00 found due him on settlement with the attorney of appellant and for three hundred dollars paid to the claimant of the thirty-five acres, and asserting a lien on the eighty acres for the entire sum, alleging that the use and occupancy of the thirty-five acres by appellee was taken into consideration in the

agreement of rescission and that appellee accounted therefor to appellant. The court gave judgment for the sum of $395.00, but refused to give a lien for the $300. From this judgment there is both an appeal and a cross-appeal.

The evidence on the appeal as to whether the rent for the thirty-five acres was accounted for to appellant in the contract of rescission consists in the evidence given by appellee to the effect that it was embraced and accounted for in the conveyance to appellee, the reconveyance to appellant, the statements of witnesses that the attorney in fact admitted and asserted, after taking possession for his principal, that the rent of the thirty-five acres was charged to and accounted for in the adjustment. On the other hand is the statement of the attorney in fact, to the contrary, and the statement of appellant (who could have had no personal knowledge). This is a sufficient summary of the evidence. We are convinced from a careful examination of the record that the weight of the evidence is in accord with the finding of the court to the effect that appellant is liable for the amount adjudged against him.

The question remaining is whether, on the cross-appeal, appellee is entitled to a lien for the $300 as well as the $95.

The correct rule is that where there is a rescission of a contract for the sale of land, when there is a mutual and unrestrained acquiescence, the difference ascertained to exist between the contracting parties remains, as between them, a lien on the land bought or exchanged. Under this rule the lien for the $95.00 is unquestioned. Why should it not exist as to the $300? Does it matter that appellee was compelled to pay it after the settlement? If that sum in addition to the $95.00 had been found due on settlement appellee would have been unquestionably entitled to a lien for the whole amount; and if he had paid it under the impression that it was in fact due, would not the result have been the same?

Judgment *affirmed* on the appeal and *reversed* on the cross-appeal with direction to give appellee a lien for the $395.00 on the eighty acres of land conveyed.

*Durham & Jacobs, for appellants.*

*A. Duvall, Bell & Wilson, for appellee.*