## PORTERFIELD v. PAYNE.

*(Supreme Court, General Term, Second Department. July 18, 1890.)*

VENDOR AND PURCHASER—DEFECTIVE TITLE.
Where the vendor's title is doubtful as to a portion of the premises, and the doubt is sufficient to render the title unmerchantable, the purchaser should not be required to perform the contract, and should recover back money paid under the contract and the expenses incurred in the examination of the title.

Appeal from special term, Kings county.
Action by Robert Porterfield against William Payne. There was judgment for plaintiff, and defendant appeals.
Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.
*Jackson & Burr*, for appellant. *David K. Case*, for respondent.

DYKMAN, J. The defendant in this action entered into a written agreement with the plaintiff to sell and convey to him a piece of land in the city of Brooklyn, and the plaintiff paid to the defendant the sum of $1,500 on account of the purchase price of the land. Upon a claim that the title to the premises is defective and unmerchantable the plaintiff commenced this action for the recovery of the money he so paid to the defendant, and the defendant, in his answer, insisting upon the perfection of his title, demands a judgment for the specific performance of the contract. The action was tried before a judge without a jury, and he found that there were existing incumbrances upon the property, and that the defendant could not give a title thereto in compliance with the terms of the agreement; that the title was not merchantable; that the plaintiff should not be required to perform the contract of purchase, and should recover back from the defendant the money paid under the contract, together with $75 expenses incurred by him in the examination of the title to the property. Judgment has been entered upon such findings, from which the defendant has appealed. Our examination of the case leads us to coincide with the findings and judgment of the special term. To say

the very least of the defendant's title, it is doubtful as to a part of the premises, and the doubt is sufficient to render it unmerchantable. The judgment should be affirmed, with costs.