## GEORGE F. HARDING
### v.
## ANDREW OLSON.

*Opinion filed December 21, 1898.*

1. PRACTICE—*when objection of adequate remedy at law comes too late.* One who has submitted his cause, as made by the pleadings, to the jurisdiction of a court of equity, cannot insist, upon the hearing of the master's report, that complainant should be remitted to a court of law, where the relief prayed is not wholly foreign to equity.

2. CONTRACTS—*right of proposed vendee to insist on clear title.* Under a contract of sale providing for a good title clear of encumbrances the proposed vendee cannot be required to accept a defective title, or one so clouded with adverse liens as to materially affect the marketable quality of the property or expose him to litigation.

3. SAME—*when party is entitled to rescind contract.* One who, under his contract, is entitled to a good and unencumbered title to property at the time he tenders full payment therefor, may, in default of receiving such title within a reasonable time, declare the contract rescinded and recover advance payments.

4. SAME—*courts do not favor unreasonable delay in performing contracts.* A contract which expressly imposes upon one of the parties a forfeiture of his rights in default of his strict compliance with his obligations, will not, in the absence of imperative reasons, be so construed as to permit the other party to have an unreasonable time, after a breach upon his part, in which to perform conditions.

5. SAME—*filing a bill to rescind a contract is an election to terminate its obligations.* Filing a bill to rescind a contract for the purchase of land after tendering full payment and waiting a reasonable time for the other party to furnish the title called for in the contract, is an election by the complainant to terminate the contract, and his right to rescind and recover advance payments is not affected by defendant's tender of clear title a year after filing the bill.

6. PARTIES—*proper party to bill to rescind contract of sale and recover advance payments.* The only necessary party defendant to a bill to set aside a contract for the purchase of land and recover advance payments, on the ground that defendant had no title, is the party to the contract, against whom the decree of re-payment will operate.

*Harding* v. *Olson,* 76 Ill. App. 475, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

WILLIAM J. AMMEN, for appellant:

In equity, time is not of the essence of the contract, unless, and only to the extent, expressly so provided. 2 Beach on Modern Eq. Jur. sec. 590; *Austin* v. *Macks*, 30 Minn. 335; *Martindale* v. *Waas*, 8 Fed. Rep. 854; *Bullock* v. *Adams*, 20 N. J. Eq. 367; Waterman on Specific Per. sec. 456, *et seq.; Green* v. *Covilland*, 10 Cal. 317; Fry on Specific Per. (3d ed.) sec. 1077.

Appellee had no right to refuse compliance on his part, or to refuse to accept the title by reason of the judgments against the Firemen's Insurance Company, because of the apparent judgment lien; and in any event, he was bound to give appellant and the Firemen's Insurance Company sufficient time to remove such apparent liens, and his five days' notice was an unreasonable limitation, and the liens having been later removed and conveyances then tendered, together with costs up to the time of said tender, he was bound to accept the same. *Miller* v. *Rice*, 133 Ill. 315; *Burnap* v. *Sharpsteen*, 149 id. 225; *Wiswall* v. *McGowan*, 1 Hoff. Ch. 125; Fry on Specific Per. secs. 1062, 1094; *Bullock* v. *Adams' Exrs.* 20 N. J. Eq. 367; 2 Beach on Modern Eq. Jur. sec. 592; *Myers* v. *DeMier*, 52 N. Y. 647; *Schmidt* v. *Reed*, 132 id. 108.

The original bill in this case prayed merely for a return of the purchase money and cancellation of the contract. It did not contain a prayer for general relief. It should have prayed for either specific performance, or for cancellation of the contract and return of the money, in the alternative. 2 Beach on Modern Eq. Jur. secs. 597, 532.

It was the duty of complainant to either tender back his conveyance, or a quit-claim deed for the premises, before beginning this suit. *Eames* v. *Germania Turn Verein*, 8 Ill. App. 663.

A party asking cancellation of a contract must offer to put the other party *in statu quo. Duncan* v. *Humphries*, 58 Ill. App. 440; *Rigdon* v. *Wolcott*, 43 id. 352; 141 Ill. 649; *Sandage* v. *Studebaker Manf. Co.* 142 Ind. 148; *Baker* v. *Rob-*

*bins,* 2 Denio, 136; *Maddock* v. *Russell,* 109 Cal. 417; *Voorhes* v. *Earl,* 2 Hill, 288; *Wheaton* v. *Baker,* 14 Barb. 594.

Tender of conveyance may be made after filing bill, the delay in making such tender going only to the question of costs up to the date of tender. *Griffin* v. *Griffin,* 163 Ill. 216.

Under the prayer for general relief in the amended bill a specific performance could have been and should have been decreed, as that relief was justified by the averments of the amended bill and the proof in support thereof. *Walker* v. *Converse,* 148 Ill. 622.

JOSEPH D. HUBBARD, for appellee:

Where a written instrument not void on its face has become invalid, a court of equity has jurisdiction to order its cancellation. *Field* v. *Herrick,* 5 Ill. App. 54; *Chicago* v. *Cameron,* 22 id. 96; 3 Pomeroy's Eq. Jur. par. 1377.

If a party is entitled to rescind a contract, and files a bill for that purpose, his right to avoid the contract is fixed, and cannot be affected or defeated by any action of the other party thereafter. *Thomas* v. *Coultas,* 76 Ill. 493.

When time is of the essence of the contract, equity, no more than law, will ignore the express stipulation of the parties. *Heckard* v. *Sayre,* 34 Ill. 142.

Where time is not of the essence of the contract it may become so on notice. *Burnap* v. *Sharpsteen,* 149 Ill. 225.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court for the First District, affirming a decree entered in the circuit court of Cook county canceling a contract between the appellant and the appellee, by which appellant obligated himself to convey certain real estate in Cook county to appellee, and decreeing appellant should pay to appellee the amount of certain payments made by appellee on the contract, and interest thereon from the date of such payment. The contract was entered into

January 3, 1890, and provided for the payment of $125 in cash, $75 in sixty days thereafter and full payment on or before January 3, 1896, and entitled appellee to title in fee simple, clear of all incumbrance, upon full payment. It appeared appellee had, before the filing of the bill, performed the obligations of the contract upon his part, and became entitled, under its provisions, to receive a warranty deed from appellant conveying to him the title to the said premises in fee simple, free and clear from all incumbrances.

The objection appellee had an adequate remedy at law was presented to the court for the first time after appellant had answered the bill upon its merits without making such objection or defense in the answer or otherwise, and after both parties had produced their testimony before the master and each had examined his own witnesses and cross-examined the witnesses of his adversary, and after the master's report and findings upon such testimony had been made up and filed of record in the court. The objection came too late. The relief asked was not so far foreign to equity jurisdiction as that it could not be given in chancery. The appellant had submitted his cause as made by the pleadings to the jurisdiction of the court in equity, and could not be permitted to insist, on the hearing of the report of the master, appellee should be remitted to another forum for his remedy. *Kaufman* v. *Wiener*, 169 Ill. 596; *Clemmer* v. *Drovers' Nat. Bank*, 157 id. 206.

The rule a party asking the cancellation of a contract must offer to put the other party *in statu quo* did not impose upon appellee the duty of executing and tendering to appellant a deed of any kind to the premises, or tendering a return of the contract prior to the filing of his bill. Appellee had not the title to or possession of the premises, hence there was no occasion he should tender reconveyance to appellant, nor was he bound to surrender his contract except in exchange for a deed of conveyance from appellant.

The complaint appellant was only allowed five days after appellee complied with the contract in which to secure conveyance of absolute unincumbered title, and that five days was not a reasonable time in which to enable appellant to comply with his obligation, does not arise under the facts of the case. It appeared appellee had the option to make final payment on or before January 3, 1896, and that he notified the appellant on the 2d day of August, 1895, he was ready and desired to pay the balance due on the purchase price of the premises and requested appellant to execute a deed of conveyance therefor, and that the title to the premises did not then rest in appellant and was not free and clear of incumbrance. Appellee waited from that time to October 21 of the same year, —a period of eighty days,—to allow appellant to perfect the title, and then made a formal tender of the amount required by the contract to be paid, and demanded compliance on the part of appellant within five days. Appellant did not comply, and appellee waited a further period of forty-two days before filing the bill. The time really granted the appellant by the appellee was not the period of five days, but the term of four months which intervened between August 2 and the filing of the bill on December 3.

It is urged the chancellor erred in awarding rescission of the contract and decreeing appellant should re-pay to appellee payments made by the latter thereunder and interest thereon, and instead should have decreed appellee should accept specific performance of the contract. When the contract was entered into the title to the property did not rest in the appellant but in one George F. Harding, Jr., his son, who afterwards conveyed the premises to the Fireman's Insurance Company. The insurance company conveyed to the Chicago Real Estate, Loan and Trust Company, but the deed was not placed of record nor did the grantee take possession of the property. Judgments at law were entered in the circuit court of

Cook county, wherein the land was situated, against the insurance company, and such judgments became liens upon the premises, and two of such judgments remained unsatisfied and liens upon the premises at the time appellee tendered payment in full of his obligations under the contract and became entitled to a conveyance according to the terms of the contract. These judgments were liens, or rendered the title defective, in August, 1895, and also when appellee filed his bill herein. Good title free of incumbrance was bargained for. The appellee was not required to receive a defective title, or one which was so clouded with adverse liens as to materially affect the marketable quality of the property and expose him to the hazard of litigation, but was entitled to demand and receive title free from reasonable doubt. *Brown* v. *Cannon*, 5 Gilm. 174; *Hoyt* v. *Tuxbury*, 70 Ill. 331; *Close* v. *Stuyvesant*, 132 id. 607; *Mead* v. *Altgeld*, 136 id. 298; *Lancaster* v. *Roberts*, 144 id. 213.

The master, under the order referring the case for proofs, began the hearing of testimony on the 10th day of February, 1896, and filed his report January 11, 1897. While the case was so pending before the master the appellant procured the release or satisfaction of said judgments, and on the 11th day of December, 1896, tendered a warranty deed, executed by the Chicago Real Estate, Loan and Trust Company, to the appellee for the premises, and also a warranty deed executed by the appellant and his wife to appellee for the said premises. These deeds were tendered before the master during the course of the presentation of appellant's testimony, and about eleven months after the case had been referred to the master, and one year, one month and twenty days after appellee had fulfilled his contract and became entitled to a deed to the premises. Prior to the filing of the bill appellee had granted all time which any rule of law or equity required he should allow, in which to enable appellant to specifically perform his contract. The right

of the appellee to recede from the contract and demand the appellant should refund the moneys received thereon was complete, as we read the evidence, when the bill was filed. The contract expressly provided the failure of the appellee to "make either of the payments, or any part thereof, or to perform any of the covenants on his part made and hereby entered into," should authorize the appellant to declare the contract forfeited, and that all payments made by the appellee on the contract should be forfeited to and retained by the appellant in liquidation of the damages sustained by him by reason of the failure of the appellee to fulfill his undertaking, and the contract further provided that the time fixed for any payment to be made should be deemed as of the essence of the contract. A contract which thus, by express terms, imposes upon one of the parties to it a forfeiture of all rights under it as a consequence of a failure to comply literally and strictly with his obligations, in the absence of imperative reasons ought not be so construed as that the other party to it would be allowed such an unreasonable length of time after a breach upon his part in which to perform that which the contract required of him. Moreover, the filing of the bill by the appellee was a complete election upon his part to rescind the contract, and conferred upon the appellant the right to relieve himself of all obligations under it by the payment of money instead of specifically performing it. Having such right, it was certainly not incumbent upon the chancellor to grant him also the additional right of discharging himself from the payment of money because of the breach of his contract by procuring conveyance to be made of the land at any time before a decree for such payment should be entered. Under the contract the appellee was entitled to a good, unincumbered title to the property at the time he tendered full payment therefor, and in default of receiving such title within a reasonable time had the right to declare the contract rescinded and to institute

legal proceedings to recover payments made thereunder. If we are right in the view heretofore expressed such reasonable time had expired when the bill was filed, it would seem clear it would not be logical to say the chancellor erred in refusing to compel the appellee to accept such a title more than a year after the filing of the bill.

The cross-bill which appellant filed while the cause was pending before the master for hearing, asked that he be relieved from all obligations, because of the said contract, upon the delivery of the said deeds executed by himself and wife and the Chicago Real Estate, Loan and Trust Company, the judgments having been satisfied, as the said cross-bill averred. In view of what we have hereinbefore said the cross-bill was obnoxious to a demurrer, and was properly dismissed by the court.

The position of the appellant the bill filed by the appellee should have made the Chicago Real Estate, Loan and Trust Company party defendant, for the reason that corporation held title to the premises mentioned in the contract, is not tenable. The appellee had elected to rescind the contract, and the relief prayed for by his bill did not in any way affect the title to the land. He sought only the return of the sums of money he had paid in fulfillment of the contract, and interest thereon, and the only necessary party to the bill was the party against whom a decree of re-payment would operate.

The contention appellee made some of the payments included in the amount decreed to be re-paid, to the Fireman's Insurance Company, and other payments to the Chicago Real Estate, Loan and Trust Company, is not sustained by the proof. We agree with the chancellor and the Appellate Court the evidence on that point charged the appellant with the receipt of such payments.

The decree of the circuit court is correct, and the judgment of the Appellate Court must be and is affirmed.

*Judgment affirmed.*