ELIJAH R. CRAFT

*v.*

RICHARD R. LATOURETTE et al.

[Submitted December, 1900. Decided June 28th, 1901.
Filed July 9th, 1901.]

Complainant purchased three building lots under an executory contract by which he was to pay in monthly installments, and, when half was paid, deed should be delivered. After nearly half was paid, the vendor died, and her executors refused to accept further payments, on the ground that the vendor did not own two of the lots. They also refused to obtain title and complete the contract or to refund the money paid, on the ground that the estate might be insolvent.—*Held,* that complainant is entitled to a lien on the lot which the vendor owned, to the extent of the money paid by him, but not to a lien on other land belonging to her at the time of her death, and, if there is a deficiency, it must stand as other claims against her estate.

On bill and demurrer.

*Mr. Elmer W. Demarest,* for the complainant.

*Mr. Willard C. Parker,* for the demurrants.

STEVENS, V. C.

This case comes up on demurrer. The bill alleges that on November 3d, 1898, Juliet L. Brown entered into a written agreement to convey to complainant certain building lots, known as lots 30, 31 and 32, in block 472, in the city of Bayonne, for the price of $930. Of this price $30 was to be paid on the delivery of the agreement and $30 on or before the 15th day of each month ensuing its date, until fifty per cent. of the price should be paid, when the vendor was to convey by warranty deed and take back a purchase-money mortgage for the balance due.

It is further stated the complainant had paid, pursuant to the terms of this agreement, the sum of $393, together with a

Craft *v.* Latourette.

year's taxes, when the vendor died. After her death he tendered to her executors another installment of $30, but they refused to take it, because they had found that two of the lots did not belong to the vendor, and they could give no title to them; that, on request that the executors either obtain title or refund the money, they refused to do either, and based their refusal on the ground that "it was questionable whether the estate was solvent or insolvent." The complainant alleges that a single lot is of no value to him for the purpose for which he made his purchase. He asks, *inter alia,* for a decree that the executors return the purchase-money and charge it upon the one lot which Mrs. Brown in fact owned at the time of her death.

The question argued in the briefs is whether the court will, under the circumstances detailed, give to the vendee a lien for the money paid by him upon so much of the property agreed to be conveyed as the vendor or her devisees have title to. The precise question does not appear to have been decided in any reported decision of this court, but I have no doubt that the lien exists. The leading case is *Rose* v. *Watson, 10 H. L. 672.* Lord Cranworth there uses the following language: "There can be no doubt, I apprehend, that when a purchaser has paid his purchase-money, though he has got no conveyance, the vendor becomes a trustee for him of the legal estate, and he is in equity considered the owner of the estate. When, instead of paying the whole of his purchase-money, he pays a part of it, it would seem to follow, as a necessary corollary, that to the extent to which he has paid his purchase-money, to that extent the vendor is a trustee for him; in other words, that he acquires a lien exactly in the same way as if, upon the payment of part of the purchase-money, the vendor had executed a mortgage to him of the estate to that extent." The same view, annunciated as far back as *32 Geo. II. (1758),* by the master of the rolls, in *Burgess* v. *Wheate, 1 W. Bl. 123, 150,* is adopted by the text-writers. *2 Washb. Real Prop. 93, 94 (4th ed.)*; *Pom. Eq. Jur. § 1263; 2 Jones Liens §§ 1105, 1106.* So far as the New Jersey cases go, they tend to support this view. In *Copper* v. *Wells, Sax. 10,* it was held that where a specific performance has become impossible, the party aggrieved has a lien for the value of beneficial or lasting improve-

ments made on the faith of an agreement which could not be executed because of a default in the opposite party. To the same effect is *Berry* v. *Van Winkle, 1 Gr. Ch. 269.*

The complainant is entitled to a decree adjudging that he has a lien upon the lot covered by the agreement to convey, to the extent of the money paid by him, and that the lot be sold to satisfy that lien. He is not entitled to a lien upon any other land belonging to the vendor at the time of her death. No order can be made in this suit with respect to the relative priorities of this lien and of a mortgage lien alleged to rest upon the entire tract, for the reason, among others, that the mortgagee is not a party to the controversy. The defendants cannot be directed to pay out of the assets of the estate in their hands any deficiency existing after the lien shall have been exhausted. The complainant, obviously, stands on no more favorable footing in other respects than any other unsecured creditor of an estate that, as the bill suggests, may be insolvent.