## Farber, Appellant, *v.* Blubaker Coal Company.

*Vendor and vendee—Sale of land—Rescission—Election to rescind.*

Where a vendor sells real estate and thereafter it is discovered that he has but an undivided interest therein, the purchaser, if he desire may elect to accept such interest as the vendor can convey, or he may decline to accept and may rescind the contract.   When the purchaser makes his election it is irrevocable, and thereafter he cannot change it.

Where a decedent in his lifetime agreed in writing to sell and convey all of the coal under a tract of land, and after his death his administrator supposing that the decedent had only five-sixths interest, tenders a deed for that amount which is refused by the vendee because a conveyance of the entire interest is not offered, the administrator, on subsequently discovering that the decedent owned a six-sevenths interest, is not required to make another tender of the larger interest.   The action of the vendee in refusing the offer of the smaller interest on the ground that he was entitled to the whole, effected a rescission of the contract.

Where a decedent agreed to sell and convey an entire interest in coal, and it was ascertained after his death that he had only an undivided interest, the widow and heirs of the decedent are not required to purchase an outstanding interest in the coal to enable the administrator to convey a fee simple title; nor can they be required to convey any interest they held or had purchased

subsequent to the vendor's death, in order to perfect the title.   An ancestor's warranty can only be enforced against his heirs to the extent of the land acquired by descent.   Beyond that they are not liable on his warranty or his contract.

Argued Oct. 10, 1906.   Appeal, No. 165, Oct. T., 1906, by plaintiff, from decree of C. P. Cambria Co., Sept. T., 1904, No. 7, dismissing bill in equity in case of Winfield L. Farber, Administrator of Samuel A. Farber, deceased, Winfield L. Farber and H. W. Farber v. Blubaker Coal Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Reversed.

Bill in equity for the cancellation of a contract for the sale of coal.   Before O'CONNOR, P. J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*Harvey Roland*, for appellants.—The vendee may elect to take what the vendor can give, or to rescind : Erwin v. Myers, 46 Pa. 96 ; Napier v. Darlington, 70 Pa. 64 ; Burk's Appeal, 75 Pa. 141.

It would surely not be contended that one might elect not to take, and yet, in suit for cancellation, retract, and take what he had, before suit, refused.

Election once made is final and irrevocable : Baney et al. v. Killmer, 1 Pa. 30 ; Fire Association v. Rosenthal, 108 Pa. 474.

Where one says that he repudiates, or that he will not accept, the other is never bound to tender ; for no one is required to offer what he has previously been informed will not be received : Hampton v. Speckenagle, 9 S. & R. 212 ; Tiernan et al. v. Roland, 15 Pa. 429 ; Waln v. Johnson, 3 Brewst. 152 ; Jones v. Sowers, 204 Pa. 329.

Where a party gives a reason for his conduct and decision touching anything in controversy, he cannot, after litigation has begun, change his ground and put his conduct upon another and a different consideration : Ohio, etc., Ry. Co. v. McCarthy, 96 U. S. 258 ; Gregg v. Von Phul, 68 U. S. 274.

Heirs are bound by their ancestor's warranty, only as to land acquired by descent from him, and never as to land acquired by purchase : Oliver v. Piatt, 44 U. S. 333, 412,

*M. D. Kittell*, for appellee.—One who takes the conveyance of the legal title to land with knowledge that his grantor had agreed to sell it to another person, takes it subject to the equitable estate already vested in the purchaser: Brodhead v. Reinbold, 200 Pa. 618.

A party in default has no right to insist upon a rescission: Remington v. Irvin, 14 Pa. 143; Tiernan v. Roland, 15 Pa. 429; Irvin v. Bleakley, 67 Pa. 24; Hatton v. Johnson, 83 Pa. 219; Vankirk v. Patterson, 201 Pa. 90.

A bill for specific performance is inadequate which does not contain a sufficient tender, or a statement of an adequate reason for the failure to make such tender: Wilson v. Buchanan, 170 Pa. 14.

OPINION BY MR. JUSTICE MESTREZAT, January 7, 1907:

By a written agreement, dated July 13, 1887, Samuel A. Farber sold and agreed to convey to D. H. Hastings all the coal in and under fifty acres of land in Susquehanna township, Cambria county, with certain mining rights described in the agreement. Hastings made the first payment on the purchase money and in the following year conveyed his interest in the coal and mining rights to the Blubaker Coal Company, the defendant in this proceeding. Farber died on October 16, 1895, without having made any provision for the performance of the contract. On April 21, 1903, his administrator presented his petition to the orphans' court of Cambria county setting forth that the deceased died seized in fee of the undivided five-sixths of the coal and mining rights sold by said agreement; that the petitioner understood that the Blubaker Coal Company was willing to accept a deed for the undivided interest in said coal owned by Farber and pay therefor a proportionate part of the purchase money fixed by the agreement; that the petitioner was " willing and desirous that the said contract be complied with on the part of said decedent, as to all the title or interest of said decedent in the said coal and mining rights sold thereby," and prayed that the court decree the specific performance of the contract as to the undivided five-sixths of the coal and mining rights, and that upon payment of the balance of the purchase money due on said undivided interest, the petitioner convey the same to the Blubaker Coal Company.

The company filed an answer to the citation awarded on the petition in which it admitted the execution of the agreement, the payment of part of the purchase money by Hastings, and the conveyance by him of his interest in the coal and mining rights to the respondent, and then set forth as follows : " Your petitioners (respondent) deny that they are willing to accept a deed for an undivided interest in the said coal, mining rights and privileges, and further deny that they have ever agreed to accept a deed other than that required by said agreement, to wit : ' A deed with the usual covenants of general warranty, clear of all encumbrances ' for all said mineral and all mining rights and privileges, subject, however, to said recited reservation. Petitioners (respondent) further represent that they are willing and desirous that the specific performance of said contract be decreed by the court whenever the administrator of said estate is prepared to execute and deliver a deed conveying to them, their successors and assigns, all said coal and the mining rights and privileges covered by said agreement with general warranty, and clear of all encumbrances." The orphans' court refused to decree the specific performance of the contract and dismissed the petition. The bill in the present suit avers that the answer of the respondent company in the orphans' court proceeding was in effect an election by it to rescind and that it did thereby rescind the contract for the sale of the coal and mining rights.

On August 11, 1904, the present bill was filed. It sets forth the facts hereinbefore recited and avers that the estate of the decedent is insolvent and that there is no money with which to pay the debts and funeral expenses, and the amount required to be repaid to the " Blubaker Company as a result of the aforesaid rescision of said contract ; " that owing to the existence of the aforesaid contract, of record and uncanceled, the administrator is unable to secure advantageous and adequate bids for said coal and mining rights. The bill prays that the court decree the rescission of the contract and the cancellation and discharge of the same of record and that the administrator sell the coal and mining rights and pay first out of the proceeds thereof to the said Blubaker Coal Company the sum paid by it on said contract with interest thereon.

The defendant company filed an answer to the bill in which

it denied the right of the plaintiffs to the relief prayed for. The answer admitted the application of the administrator to the orphans' court for specific performance of the contract and averred " that we made answer thereto declining to agree to accept a deed for an undivided interest in the coal, mining rights and privileges sold by said agreement, but we deny that we thereby elected to rescind, or that we would thereby rescind said contract or agreement." The answer further sets forth that the respondent company is willing to pay to the administrator the balance of the purchase money, provided a decree can be obtained from the court directing the administrator to convey to it the coal, mining rights and privileges described in the agreement; that the administrator has no standing to enforce the contract or to sell the coal with the mining rights and privileges therein described; that Farber died seized of an undivided six-sevenths interest in the coal; that said interest has become vested in the widow under her claim of exemption, and other matters which we do not regard as important or controlling in the disposition of the case.

The learned trial judge refused the relief prayed for in the bill. He held that when the administrator applied to the orphans' court of Cambria county for the specific performance of the contract as to the undivided interest of the deceased in the coal, he was not in a position to convey such interest to the Blubaker company; that it had filed an answer denying that it had agreed to accept anything less than the contract called for, and that the answer filed by the defendant company to the application of the administrator for specific performance of the contract did not amount to a rescission of the contract between Hastings and Farber. The learned judge concluded his opinion refusing relief as follows : " We, therefore, conclude that the facts do not warrant the court in declaring that the defendant company has forfeited its rights by rescission of contract, and no sufficient tender has been made on part of the plaintiff which would put the defendant in the position of either rescinding the contract or of complying with the same by payment of the remainder of the purchase money, and we are, therefore, constrained to refuse the prayer of the complainant."

It will be observed that the single question for determination

on this appeal is whether the answer of the defendant company to the administrator's application for specific performance of the contract in 1903 was an election by the defendant company to rescind the contract. If it was, the learned court below erred in not granting the plaintiffs the relief they asked for in this bill.

It is settled law that when a vendor sells real estate and thereafter it is discovered that he has but an undivided interest therein, the purchaser, if he desire, may elect to accept such interest as the vendor can convey, or he may decline to accept and may rescind the contract: Erwin v. Myers, 46 Pa. 96; Napier v. Darlington, 70 Pa. 64; Burk's Appeal, 75 Pa. 141. And it is equally well settled that when the purchaser makes his election it is irrevocable and thereafter he cannot change it: Baney v. Killmer, 1 Pa. 30; Pence v. Langdon, 99 U. S. 578; Clough v. London, etc., Ry. Co., L. R., 7 Ex. 26.

We think the answer of the defendant company to the application of Farber's administrator for specific performance of the contract made in the orphans' court of Cambria county in 1903, was in effect an election to rescind the agreement for the purchase of the coal. Such is clearly the effect of the answer when construed in connection with the averments of the administrator's petition. The petition, as we have seen, while reciting that the deceased was seized of an undivided five-sixths interest in the coal, averred a willingness and readiness to perform the contract as to all the interest which the deceased had in the coal. There is nothing in the case to show that the administrator knew or believed that his decedent had any greater interest in the coal than was named in the petition. There is no evidence of fraud or bad faith on the part of Farber in making the agreement or of his personal representative in attempting to carry it out. The administrator was performing his official duty when he asked the orphans' court to decree the specific execution of the contract. The defendant company exercised its unquestioned right to decline to accept a part of the coal which Farber had agreed to convey to Hastings. As will be observed from its answer, the company denied that it was "willing to accept a deed for an undivided interest in the said coal, mining rights and privileges," and averred that it was willing that specific performance of the contract be decreed

when the administrator was prepared to execute and deliver a deed conveying "all said coal and mining rights and privileges covered by said agreement with general warranty, and clear of all encumbrances." This was a refusal to accept any undivided interest, and an insistence upon a conveyance of the coal in fee. This demand, as the record discloses, the administrator was not in a position to comply with, as his decedent did not own the fee simple title to the coal. The defendant company's action in declining to accept such interest in the coal as the deceased owned, must, therefore, be regarded as an election by it to rescind the contract. To interpret the answer of the company otherwise would permit it to decline accepting the vendor's interest in the coal, and at the same time prevent the administrator from selling the interest and applying the proceeds to the payment of decedent's debts. In other words, the company would not accept the coal nor permit the vendor's administrator to sell it in order to obtain funds to apply to the debts of the insolvent estate. This is an absurdity which the law will not tolerate. And not only did the company assume this position in 1903 when the administrator offered to convey to it all his decedent's interest in the coal, but in the answer to the bill filed in this case, it still persists in demanding the conveyance of the fee simple title and declines to accept any lesser interest. A court of equity will not permit such inconsistent and unconscionable conduct on the part of a litigant, but on the contrary will compel him to act with due regard to the rights of the other interested parties.

The question of tender was eliminated from the cause by the action of the defendant. The administrator was not required to tender a conveyance of a six-sevenths interest in the coal. The vendee having declined to accept any undivided interest when the five-sixths interest was offered it, thereafter the administrator was not required to do a vain thing by offering again a larger undivided interest. The refusal by the defendant company to accept a conveyance was based on the fact that the administrator had offered to convey an undivided interest and not the entire interest in the coal, and hence the subsequent discovery that the vendor had a greater undivided interest did not impose on the administrator the duty of making another tender. Had the defendant company accepted

the five-sixths interest in the coal when it was offered in the proceedings in the orphans' court, equity undoubtedly would have compelled the administrator to have conveyed the residue of the six-sevenths interest when it was ascertained that the vendor owned the larger interest.

The widow and heirs of the deceased vendor were not required to purchase an outstanding interest in the coal to enable the administrator to convey a fee simple title.  Nor could they be required to convey any interest they held or had purchased subsequent to the vendor's death in order to perfect the title.  An ancestor's warranty can only be enforced against his heirs to the extent of the land acquired by descent.  Beyond that they are not liable on his warranty or his contracts.

We are of opinion that the action of the defendant company in declining to accept an undivided interest in the coal sold by Farber to Hastings by the agreement of July 13, 1887, being the only interest the vendor ever owned therein, was in effect an election to rescind the contract, and that therefore the plaintiffs are entitled to the relief prayed for in this bill.

The decree of the court below is reversed at the costs of the appellee, the bill is reinstated, and it is now ordered, adjudged and decreed as follows:

1. That the contract entered into July 13, 1887 between Samuel A. Farber and D. H. Hastings for the sale of the coal under about fifty acres of land in Susquehanna township, Cambria county, Pennsylvania, described in the bill, be and the same is hereby rescinded, canceled and discharged, and the recorder of deeds of Cambria county is directed to enter such rescission, cancellation and discharge at the appropriate place on the record of said agreement.

2. That Winfield L. Farber, administrator of Samuel A. Farber, deceased, having given bond, approved by the court below, to secure the due application of the proceeds of sale, sell the coal, mining rights and privileges mentioned in the aforesaid agreement and out of the proceeds thereof, pay to the Blubaker Coal Company the amount paid by it or its assignor on said contract with interest from July 13, 1887.

3. That said administrator apply the balance of the proceeds of said sale as required by law.