## LAMB v. DODSON.

No. 3285. Opinion Filed November 25, 1913.

Rehearing Denied March 10, 1914.

(139 Pac. 125.)

FRAUD—Damages—Petition—Sufficiency. The petition states a cause of action.

(Syllabus by Brewer, C.)

*Error from District Court, Kingfisher County;*
*James B. Cullison, Judge.*

Action by Survannah M. Dodson against Charles F. Lamb. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. L. Moore,* for plaintiff in error.

*P. S. Nagle,* for defendant in error.

Opinion by BREWER, C.   The defendant in error sued the plaintiff in error for damages for fraud in connection with a trade made between them in which she conveyed her homestead, a quarter section of land in Kingfisher county, Okla., for a section of land in Lipscomb county, Tex.   The jury awarded her $7,000 as her damages.   The land she conveyed had passed into the hands of innocent purchasers, and was lost to her.   The record contains more than 200 pages of matter, the petition and exhibits comprising ten pages.   The petition in error sets up 25 specific assignments of error.   The brief filed by plaintiff in error, however, only raises the single point that the petition does not state a cause of action.   The brief does not set out the petition attacked, nor does it give an abstract of same, except in the most meager way.   The brief attacks only one phase of the petition; the same being the sufficiency of the allegations of the offer to restore what she had received.   To sustain this point the brief copies the following paragraph of the petition:

"Your petitioner further alleges and states the fact to be that when she discovered that she had been defrauded and swindled, she made, executed, and offered to deliver to the said James M. Brandt, her quitclaim deed to the Texas land conveyed to her by said James M. Brandt, and offered, and now offers, to reconvey to the said James M. Brandt the said Texas land, and that said plaintiff offers to place the said James M. Brandt and said Charles F. Lamb in the same position that they held prior to the said conveyance, and to do all things necessary for her to do before this suit could be brought."

The brief then makes the observation that:

"It is nowhere alleged that the quitclaim deed tendered would have reconveyed   *   *   *   the title parted with," etc.

This is followed by less than a page of statement and argument, without the citation of a single authority.   We have found the petition in the case-made, and have examined same and have

not the slightest doubt but that, as against a general demurrer, it states a cause of action.

We do not consider it necessary to go into a detailed analysis of the pleading, as we feel justified in treating the matter as summarily as has the appellant.

The judgment should be affirmed.

By the Court: It is so ordered.