# GROVES v. STOUDER *et al.*

No. 5977.   Opinion Filed November. 21, 1916.

(161 Pac. 239.)

1. **VENDOR AND PURCHASER—Remedies of Purchaser—Action to Recover Payments—Parties.** In an action to rescind a contract for the purchase of land and to recover advanced payment made thereon upon the ground that defendant had failed to convey the character of title which he agreed to convey to a portion of the premises, the only necessary party defendant is the party to the contract against whom the decree of payment will operate.

2. **SAME—Suit to Rescind—Restoration of Consideration.** A person, induced by false and fraudulent representations to purchase real estate. may, upon discovering the fraud, bring an action in equity to rescind the contract, and in such cases should restore, or make an offer in his petition to restore, everything of value which he has received under the contract.

3. **SAME—Performance of Contract—Title to Property.** One who contracts to convey a certain character of title to real estate should be prepared and able to convey to the grantee an estate or interest therein substantially corresponding with that bargained for and agreed to be sold.

4. **SAME—Part Performance.** G. contracted to convey to S. certain lands in fee simple and to deliver preference leases on certain school lands. He executed warranty deed to the lands to be conveyed in fee simple, but failed to deliver preference leases on a portion of the school lands. **Held,** that S. was not required to take a title different from that agreed to be delivered, and was entitled to rescind the contract.

5. **SAME—Remedies of Purchaser—Rescission—Lien.** Where a vendor cannot convey the interest which he agreed to convey in all of the property, but only to a part of it. the purchaser, upon rescinding the contract, is entitled to a lien upon the land of the vendor to secure repayment of purchase money advanced by him.

(Syllabus by the Court.)

*Error from District Court, Beaver County;*
*R. H. Loofbourrow, Judge.*

Action by Nellie Stouder and others against Charles' C. Groves. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Charles Swindall,* for plaintiff in error.

*Dickson & Dickson* and *Gray & McVay,* for defendants in error.

HARDY, J. Defendants in error brought suit against plaintiff in error to rescind the sale of certain real estate purchased from him, consisting of 160 acres to which he held title in fee simple and also certain school land leases. The parties will be referred to as they appeared in the trial court.

The plaintiff Nellie Stouder and defendant entered into two written contracts for the purchase of said premises, by one of which it was agreed that defendant should deliver to plaintiff clear and absolute title to 160 acres of land, owned by him in fee simple, for the consideration of $2,500, and by the other he agreed to deliver to plaintiff Nellie Stouder preference leases on the W. ½ of section 16 and the S. ½ of section 17, township 3 north, range 26 east, C. M., Beaver county, Okla., which leases were to be deposited in escrow in the Speermore State Bank at La Verne, Okla., and to be approved by the State School Land Commissioners, for which plaintiff was to pay $2,050. In pursuance of this contract defendant executed and delivered warranty deed for the 160 acres of land, and also deposited in the Speermore State Bank two printed forms of leases; containing the names of the lessees, the description of the land, and the amount of rental to be paid, with the term and date filled in and with the places for signature on behalf of the lessors and the acknowledgment left blank. The blank form purporting to lease

the west half of section 16 is in the form of the ordinary preference lease, while the blank form purporting to be a lease of the south half of section 17 confers no preference right of purchase, but contains a provision that same is made subject to the right of the state to sell and convey the lands therein leased at any time, and that upon such sale the lease shall thereupon expire. These purported leases were executed by no one, and were nothing more nor less than blank forms, and conveyed no right in the premises to lessees, and wholly failed to comply with the provisions of the written contract entered into between the parties. Judgment was rendered for plaintiffs, the decision of the court being placed upon the ground that defendant had failed to deliver to plaintiffs the preference right lease to the south half of section 17.

Defendant insists that the court erred in overruling his motion to require plaintiffs to make as additional parties to the proceeding his sons Carol K. and Fred C. Groves, each of whom had an interest in the leases upon the school lands which by his contract he undertook to relinquish and transfer to plaintiffs. This was an action against defendant to rescind a contract entered into with him to which his sons were not parties, by the terms of which he undertook to convey a certain character of title to certain premises described in the written instruments, and he is the only necessary party to this action, and the only one who would be affected by a judgment decreeing a repayment of the sums received by him.

In *Harding v. Olson*, 177 Ill. 298, 52 N. E. 482, appellant contracted to convey real estate to appellee the title of which at the time was in his son, who conveyed to an insurance company, which conveyed to a real estate and loan company. The action was to rescind the contract for failure

to convey title and to recover payment thereon.  The hold-
ing of the court is stated in these words:

"The only necessary party defendant to a bill to set
aside a contract for the purchase of land and recover ad-
vanced payments, on the ground that defendant had no title,
is the party to the contract, against whom the decree of re-
payment will operate."  *Warren v. Miller & Sons* (Iowa)
99 N. W. 127.

Defendant also insists that before plaintiffs would be
entitled to rescind, they would be required to relinquish
all of their right, title, and interest in and to the school
land which was transferred to them, respectively, by the
defendant, which, he says, could only be done by tendering
defendant and his sons leases properly executed by the
Board of Land Commissioners for the signature of the
defendant and his sons.  If leases executed by the Board
of Land Commissioners were essential to a transfer of
this school land, then no interest was ever transferred
therein to plaintiffs.  The blank forms of leases which
were deposited in the Speermore State Bank were not so
executed, and, according to defendant's own contention,
plaintiffs never possessed any leases on said lands, nor
had any interest therein which they could transfer.  It is
alleged in the petition that as soon as plaintiffs discovered
the false and fraudulent representations and concealments
of defendant, they forthwith offered to rescind their pur-
chase of said lands and leases, and tendered to defendant a
warranty deed in due form to the N. E. 1/4 of section 17,
and offered to return the school land leases which they
had received, and at the time of trial, in open court, re-
newed their tender and offered to execute a release of all
their claims under and by virtue of said purported leases,
and to bring the same into court for the use and disposi-

tion of defendant. This action is of an equitable nature, and the tender was sufficient. In *Howe et al. v. Martin et al.*, 23 Okla. 561, 102 Pac. 128, 138 Am. St. Rep. 840, in the third paragraph of the syllabus it is held:

"A person induced by false and fraudulent representations to purchase or exchange for property has three remedies: *· * * Second, he may bring an action in equity to rescind the contract, and in such a case it is sufficient for plaintiff to restore, or make offer in his petition to restore, everything of value which he has received under the contract." *Lamb v. Dodson*, 41 Okla. 638, 139 Pac. 125.

The tender made in the petition and in open court complied with the rule announced, and in addition thereto the court ordered each of the plaintiffs named in the unexecuted leases which had been placed in escrow to indorse on the blank forms a relinquishment in favor of defendant in conformity with section 7185, Rev. Laws 1910. The fact that the relinquishment was directed to be executed in favor of defendant could not affect plaintiffs' right to recover, for it does not appear that his sons had any leases executed by the School Land Department which were relinquished in favor of plaintiffs; and, so far as the record before us is concerned, if they had such, they are still the holders thereof. In addition to this, at the time judgment was rendered, it was stated by the court that if any matter had been overlooked, upon his attention being called thereto, he would modify the decree, and the objection now made was not then called to his attention, nor any request made that the decree be modified in this respect.

It is claimed that plaintiffs are not entitled to rescind on the ground of false and fraudulent representations, because plaintiffs had the same opportunity of inspection

that defendant had, and by their agent had inspected said
lands prior to the contract of purchase. This contention is
immaterial, in view of the fact that the court placed its
judgment upon the ground that defendant had failed to
convey the title which he agreed to convey. The plaintiff
Nellie Stouder testified that her object in making the pur-
chase was to get a sufficient quantity of land lying together
so that she and her children, who had become scattered,
could live together, she having one place and they occupy-
ing adjoining places, and that she wanted the school land,
with preference right leases thereon, so that her children
could later buy the lands themselves, and this desire upon
her part was communicated to defendant at the time of the
trade, and she testified that, had she known defendant had
no preference right leases to that portion of section 17
which he agreed to convey, she would not have entered into
the contract. It being her desire to acquire a quantity of
contiguous land for the purpose of obtaining homes for
herself and children, her intention thus becomes a material
element in the transaction, and so affecting the subject-mat-
ter of the contract, that it might be reasonably supposed
that, but for the representation of defendant that he could
convey preference right leases upon the school lands, she
would never have entered into the contract. *Keating v.
Price,* 58 Md. 532; *Owens v. Rector,* 44 Mo. 389. Having
contracted to deliver preference right leases upon all of
said school lands, the defendant must be prepared and able
to convey to the plaintiffs an estate or interest therein
substantially corresponding with that bargained for and
agreed to be sold. *Keating v. Price, supra.*

The land to which defendant did not convey a prefer-
ence right lease constitutes a material portion of the whole
tract, and is a substantial failure upon his part to comply

with his contract according to its terms. In *Schechinger v. Gault*, 35 Okla. 416, 130 Pac. 305, Ann. Cas. 1914D, 468, the petition alleged that Gault, as agent of Miller, entered into a contract with Schechinger that he, as the agent of Miller, had full and complete authority to execute a contract for the sale of certain lands of which Miller was the absolute owner in fee, and that Schechinger, relying upon these representations, entered into a written contract for the purchase thereof, and delivered to Gault a draft for $1,000, which was paid. Afterwards, learning Miller was not the owner of said lands, but that title thereto was vested in Miller and his wife, and Gault was not the agent of Miller and had no authority to execute the contract on behalf of Miller's wife, Schechinger brought suit to rescind the contract, and the petition was held to be good against demurrer.

In *Yeates v. Pryor*, 11 Ark. 58, the defendant, Yeates, was unable to make title to one-third of the land which he had agreed to convey, and this was held to be grounds for rescission of the whole contract, the court saying:

"It is evident that Yeates is unable to make title to two of the tracts sold, exceeding in quantity one-third of the whole connected tract, and that the tracts to which no title can be made are so situated and connected with the residue of the tract as not only to defeat his purchase to that extent, but impair the value of the whole purchase in view of the object and design of the purchase itself. We think, therefore, that Pryor should not be compelled to accept any part of the land, but may well ask to have the whole contract rescinded."

In the case of *Chastain v. Staley*, 22 Ga. 26, the vendee was allowed to rescind the contract of purchase because the vendor was unable to convey the interest in two-fifths of the land that he had agreed to convey.

It is generally held that a purchaser of real estate cannot be compelled to take only a part of the land for which he has contracted. If he cannot, get the whole, he has a right to rescind the contract. The reason for this is that, the vendor not being able to convey the interest in a part of the land agreed to be conveyed, he cannot perform the original contract, and equity will not make a new contract for the parties different from that actually entered into, but will allow the vendee to rescind and compel a, repayment to him of the purchase price paid to the vendor, thus placing the parties in the position they occupied before the vendor entered into the contract, which he could not perform according to its terms. *Owens v. Rector,* 44 Mo. 389; *Wells v. Porter,* 5 B. Mon. (44 Ky.) 416; *Farber v. Blubaker Coal Co.,* 216 Pa. 209, 65 Atl. 551; *Porterfield v. Payne,* 11 N. Y. Supp. 31; *Wood v. Mason,* 42 Tenn. (2 Cold.). 251; *Yeates v. Pryor,* 11 Ark., *supra; Hayes v. Skidmore,* 27 Ohio St. 331; *Weiss v. Schweitzer et al.,* 47 Misc. Rep. 297, 95 N. Y. Supp. 923; *Bailey v. James,* 11 Grat. (Va.) 468, 62 Am. Dec. 659; *Adams v. Kibler,* 7 S. C. 47; *Bank v. Kellogg,* 4 S. D. 312, 56 N. W. 1071. .

And where vendor cannot convey the interest which he agreed to convey in all of the property, but only to a part of it, the purchaser is entitled to a lien on the land of the vendor to secure repayment of the purchase money advanced by him. *Coleman v. Floyd,* 131 Ind. 330, 31 N. E. 75; *Wood v. Mason, supra; Caldwell v. Rainey,* 6 Ky. Law Rep. 601 (memo); *Swetitsch v. Waskow,* 37 Ky. 155; *Weiss v. Schweitzer, supra; Craft v. Latourette,* 62 N. J. Eq. 206, 49 Atl. 711.

Plaintiffs were entitled to rescind for the reasons given, and the tender made in their pleadings and in open court and the requirement in the decree that they relinquish all

their rights under the property leased in favor of the defendant are sufficient, and the judgment of the trial court is affirmed.

All the Justices concur.